IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID ALAN SMITH )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>LEXISNEXIS RISK SOLUTIONS, INC. )<br>Defendant. )<br>) | Civil Action No. |

## COMPLAINT

### I.  Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### II.  Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.  Parties

4. Plaintiff David Alan Smith is an adult individual who resides at 233 County Road, Champion, MI 49814.

5. Defendant LexisNexis Risk Solutions, Inc. ("Lexis") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence.  Lexis regularly conducts business in the Eastern District of Michigan, and has a principal place of business at 1000 Alderman Drive, Alpharetta, GA 30005.

## IV. Factual Allegations

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes a false criminal history labeling the Plaintiff as a convicted felon, and personal identifying information. Specifically, inaccurate information includes, but is not limited to, a criminal conviction for "Uttering a Forged Instrument" from the State of Florida that does not belong to Plaintiff, but instead to David Oscar Smith whom Plaintiff does not know and is of no relation to Plaintiff.

10. The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal background. It appears that Defendant has confused Plaintiff with a person with a similar name and has, as a result of its unreasonable procedures, mixed Plaintiff's background information with that of a convicted felon.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

12. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, an employment opportunity with Great Lakes Wine & Spirits in 2012 for a full time merchandiser's position. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those denials.

13. Plaintiff further received no notice from Defendant in connection with the application that public record information was being reported about Plaintiff to Great Lakes Wine & Spirits.

14. As a result of LexisNexis's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.   CLAIMS

### COUNT ONE - FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. §1681n, and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b);

(b) willfully and negligently failing to provide contemporaneous notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681(k); and

(c) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681(k).

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI. JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

4

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o;

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's consumer reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer information;

(f) An order directing that Defendant send to all persons and entities to whom it has reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected consumer report; and

(g) Such other and further relief as may be necessary, just and proper.

.

                                              Respectfully submitted,

                                              **FRANCIS & MAILMAN, P.C.**

BY:   */s/ James A. Francis*
         JAMES A. FRANCIS, ESQUIRE
         JOHN SOUMILAS, ESQUIRE
         GEOFFREY H. BASKERVILLE, ESQUIRE
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

         Attorneys for Plaintiff

Dated: February 25, 2013