UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

DAVID ALAN SMITH,                           Case No. 4:13-cv-10774-MAG-MAR

      Plaintiff,                              Honorable Mark A. Goldsmith

v.

LEXISNEXIS SCREENING SOLUTIONS,
INC.,

      Defendant.

## DEFENDANT CORELOGIC CREDCO, LLC's ANSWER TO PLAINTIFF'S COMPLAINT

Defendant LexisNexis Screening Solutions, Inc. ("LexisNexis"), incorrectly named in the Complaint as "LexisNexis Risk Solutions, Inc.," responds to the Complaint that David Alan Smith filed against it as follows:

### FIRST AFFIRMATIVE DEFENSE – ANSWER TO COMPLAINT

#### I.  Preliminary Statement

1. Admitted.

#### II.  Jurisdiction and Venue

2. Admitted.

3. Admitted.

#### III.  Parties

4. Admitted.

5. Denied as stated. LexisNexis denies that LexisNexis Risk Solutions, Inc. ("Risk Solutions") is the proper defendant to this action. LexisNexis admits that it is the proper defendant to this action; that it regularly conducts business in the Eastern District of Michigan;

that it provides employment and background screening services; and that it has a business address at 1100 Alderman Drive, Alpharetta, GA 30005 (not "1000 Alderman"). The remaining allegations in Paragraph Five are denied on the basis that they describe services that may be provided by Risk Solutions in lieu of, or to a greater degree than, LexisNexis.

## IV.   Factual Allegations

6. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Six of the Complaint, because Paragraph Six refers to undefined "third parties."

7. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Seven of the Complaint, because Paragraph Seven refers to unidentified writings. LexisNexis states that when identified, those writings will speak for themselves and be the best evidence of their terms.

8. There is no Paragraph 8 in the Complaint.

9. There is no Paragraph 9 in the Complaint.

10. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Ten of the Complaint, because Paragraph Ten refers to unidentified writings. LexisNexis states that when identified, those writings will speak for themselves and be the best evidence of their terms.

11. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Eleven of the Complaint, because Paragraph Eleven refers to unidentified writings. LexisNexis states that when identified, those writings will speak for themselves and be the best evidence of their terms.

12. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twelve of the Complaint, because it does not know what unidentified employers have allegedly informed Plaintiff.

13. LexisNexis admits only that it has provided information to Great Lakes Wine and Spirits. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Thirteen of the Complaint, because it does not understand what Paragraph Thirteen of the Complaint means, and because Paragraph Thirteen refers to an unidentified "application."

14. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fourteen of the Complaint, because LexisNexis does not know what damages Plaintiff has allegedly suffered.

15. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifteen of the Complaint, because Paragraph Fifteen refers to unidentified actions taken through unidentified agents, servants, or employees.

16. Denied.

## V. Claims

### COUNT I – FCRA

17. Paragraph Seventeen of the Complaint incorporates the allegations of Paragraphs One through Sixteen of the Complaint by reference. In response, LexisNexis repeats its responses (as set forth above) to those allegations, as if the responses were incorporated here at length.

18. Admitted.

19. Admitted.

20. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Twenty of the Complaint, because Paragraph Twenty refers to unidentified reports. LexisNexis states that when identified, those reports will speak for themselves and be the best evidence of their terms.

23. Denied.

24. Denied.

## VI.   JURY TRIAL DEMAND

25. LexisNexis acknowledges that Plaintiff has requested a trial by jury on all issues so triable. LexisNexis also requests a trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, LexisNexis prays that this Honorable Court might issue an Order that:

i) enters a judgment in favor of LexisNexis and against the Plaintiff;

ii) provides LexisNexis with such other and further relief as this Honorable Court deems right and just.

## AFFIRMATIVE DEFENSES

II. Some or all damages allegedly suffered by the Plaintiff may have been caused by the acts or omissions of third parties over whom LexisNexis had no control and for whom LexisNexis had no responsibility.

III. Plaintiff may have waived or released his right to sue LexisNexis in the course of agreeing that one or more third parties had the right to obtain information from LexisNexis about him.

IV. LexisNexis reserves any and all rights that it has, under the due process clause of the United States Constitution, to challenge the quantum of and award of any punitive damages that may be sought or imposed against it.

V. LexisNexis complied at all times with duties imposed by the Fair Credit Reporting Act and all other relevant law.

VI. LexisNexis's conduct toward Plaintiff was not unlawful, wrongful, or harmful.

VII. At all relevant times, LexisNexis acted in good faith and in compliance with law.

VIII. Any damages alleged by Plaintiff were caused by or contributed to by Plaintiff's own actions or the actions of persons or entities other than LexisNexis.

IX. Plaintiff has failed to mitigate his damages.

X. Plaintiff's claims may be barred by the doctrines of estoppel, collateral estoppel, laches, election of remedies, unconscionability, contrariness to public policy, failure to exhaust remedies, at-will employment, statutory compliance, unclean hands, and/or justification.

XI. Plaintiff has failed to plead his damages with specificity as required by law.

XII. LexisNexis reserves its right to assert additional affirmative defenses at such time and to such extent as warranted by its ongoing discovery of the facts of this case.

Dated:  April 22, 2013                         PICADIO SNEATH MILLER & NORTON, P.C.

/s/ Jason A. Spak
_____
Jason A. Spak, Esquire
Pa. I.D. No. 89077
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA  15222
jspak@psmn.com
Phone:  (412) 288-4385
Fax:     (412) 288-2405

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2013, my office uploaded a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S COMPLAINT to the Electronic Case Filing system hosted by the United States District Court for the Eastern District of Michigan, which will effect service on all parties of record, including:

Mark Mailman, Esquire
John Soumilas, Esquire
Geoffrey H. Baskerville, Esquire
Francis & Mailman, P.C.
Land Title Building, 19tth Floor
100 south Broad Street
Philadelphia, PA  19110
*(Counsel for Plaintiff)*

PICADIO SNEATH MILLER & NORTON, P.C.

/s/ Jason A. Spak

_____

Jason A. Spak, Esquire