UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALAN SMITH,

        Plaintiff,

v                                      Case No. 13-10774
                                      HON. MARK A. GOLDSMITH

LEXISNEXIS SCREENING SOLUTIONS,
INC.,

        Defendant.
_____/

## JURY INSTRUCTIONS



FILED

OCT 2 4 2014

MARK A. GOLDSMITH
U.S. DISTRICT JUDGE
EASTERN DISTRICT OF MICHIGAN

## JURY INSTRUCTION NO. 5:  Duty of Jury (end of case)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## JURY INSTRUCTION NO. 6: What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

## JURY INSTRUCTION NO. 7:  What is not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 8: Evidence for a Limited Purpose

When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## <u>JURY INSTRUCTION NO. 9: Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## JURY INSTRUCTION NO. 10: Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I have overruled the objection, the question may be answered or the exhibit received. If I have sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I have sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## JURY INSTRUCTION NO. 11:  Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## JURY INSTRUCTION NO. 13: Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 14:  Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## JURY INSTRUCTION NO. 15: Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## JURY INSTRUCTION NO. 16: Summary of Claims

I have asked each party to this lawsuit to write a short summary of its claims or defenses in this case. I am now going to read each party's summary. Please keep in mind that I did not write these summaries and do not take a position on the merits of each party's position.

PLAINTIFF'S SUMMARY:

This case is brought under the Fair Credit Reporting Act or "FCRA." Among other reports, the FCRA also regulates employment background reports such as the one in this case. Whenever a consumer reporting agency, such as the Defendant LexisNexis, prepares a consumer report, the FCRA requires it to follow reasonable procedures that assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

Here, the Plaintiff David Alan Smith claims that LexisNexis failed to follow reasonable procedures to assure the "maximum" possible accuracy of the information in a report that LexisNexis prepared about him and sold to Great Lakes Wine & Spirits on December 12, 2012 in connection with Mr. Smith's application for employment, and that this caused him economic loss and emotional distress, and unfairly damaged his good name and reputation.

DEFENDANT'S SUMMARY:

LexisNexis admits that it created a report about the Plaintiff on December 12, 2012, which Great Lakes Wine and Spirits reviewed as part of Plaintiff's application for employment. LexisNexis further admits that when it created the report, it had a duty under the FCRA to follow reasonable procedures to assure the maximum possible accuracy of the information in the report.

LexisNexis has two central defenses to Plaintiff's claims. LexisNexis's first defense is that it followed reasonable procedures when it created its report about Plaintiff. The FCRA does not require perfect accuracy, only maximum possible accuracy. LexisNexis believes that its reports meet the standard of maximum possible accuracy.

LexisNexis's second defense is that its report was not a significant factor in causing Mr. Smith harm.

## **JURY INSTRUCTION NO. 17:  FCRA's General Purpose**

The FCRA is a federal law intended to regulate the handling of consumers' personal and financial information with regard to confidentiality, accuracy, and the proper use of such information.  Among other things, the FCRA regulates background reports used for employment purposes, such as the report in this case.

## JURY INSTRUCTION NO. 18: Definitions

Plaintiff David Alan Smith is a "consumer" entitled to the protection and benefit of the FCRA.  Defendant LexisNexis is a consumer reporting agency that is regulated by the FCRA.

## <u>JURY INSTRUCTION NO. 19: 15 U.S.C. § 1681e(b)</u>

The FCRA requires that when any consumer reporting agency prepares a report it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [agency's] report relates."

## JURY INSTRUCTION NO. 20:  Fine Print

Language in a consumer reporting agency's report stating that information might be inaccurate has no bearing on the legal obligation of the agency under the FCRA.

## JURY INSTRUCTION NO. 21: Negligence Standard

### (NEGLIGENCE STANDARD)

Now, if you find that LexisNexis was "negligent" in fulfilling its duty under the FCRA as I just described it to you, then you must determine what damages, if any, LexisNexis caused. I will instruct you on the law of FCRA damages shortly. If, on the other hand, you find that Mr. Smith did not establish that LexisNexis's conduct was negligent, you must find for LexisNexis.

The word "negligence" as used in these instructions means not doing something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do, under the circumstances that you find existed in this case. In other words, the standard of conduct by which you must judge the reasonableness of LexisNexis's procedures in this case is what a reasonably prudent consumer reporting agency would do, under these circumstances, to assure maximum possible accuracy of the information in its report.

## **JURY INSTRUCTION NO. 22: Causation**

For actions brought under the FCRA, harm or damage is considered caused by an act, or a failure to act, whenever you can infer from the evidence that the act or omission was a substantial part or factor in bringing about the harm or damage.

It is not necessary that the act was the sole or primary cause of the harm.

## <u>JURY INSTRUCTION NO. 26: Willfulness/Punitive Damages</u>

In addition to actual damages, Mr. Smith is seeking punitive damages in this case. Punitive damages may be awarded if you find that LexisNexis willfully violated the FCRA. Mr. Smith has the burden of proving a willful violation of the FCRA by a preponderance of the evidence.

A company such as LexisNexis acts willfully in violation of the FCRA by acting with reckless disregard of its duties under the FCRA. Reckless disregard entails an unjustifiably high risk of harm that is either known or so obvious that it should be known.

Note that reckless disregard need not be knowing, intentional, premeditated or malicious violation of the law. Mr. Smith does not need to show that LexisNexis deliberately violated the law, only that it acted with reckless disregard of its duty under the FCRA.

## JURY INSTRUCTION NO. 23: FCRA Actual Damages Recoverable

If you find that LexisNexis did not follow reasonable procedures, that it was negligent, and that its actions or omissions were a substantial factor in causing harm to Mr. Smith, then you must determine the amount of money that reasonably, fairly, and completely compensates him for the damages which you decide resulted from LexisNexis's failure to comply with the law.

Under the FCRA, a plaintiff may recover "actual damages," which has a special meaning. "Actual damages" are meant to fairly compensate an aggrieved person, and can consist of one or more of the following:

1. **Economic Loss.**  This type of actual damages may consist of lost wages or benefits or out-of-pocket monetary losses.

2. **Harm to Reputation.**  This type of actual damages consists of harm to the plaintiff's credit rating, credit reputation and/or good name.

3. **Emotional Distress.**   This type of actual damages consists of any humiliation, embarrassment, mental anguish and/or stress-related suffering experienced by the plaintiff as a result of the defendant's failure to comply with the FCRA.

## **JURY INSTRUCTION NO. 24**

### (MEDICAL TESTIMONY NOT NECESSARY FOR EMOTIONAL DISTRESS)

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, and emotional distress. You must determine a fair and adequate award of these items of harm using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

In an FCRA case, an injured person's testimony alone may suffice to establish damages for humiliation, embarrassment, and emotional distress, provided that the circumstances surrounding the injury are reasonably and sufficiently explained, and the testimony does not rely on mere conclusory statements. He or she does not have to introduce medical or other expert testimony.

## <u>JURY INSTRUCTION NO. 25: Burden of Proof</u>

As in most civil cases, Mr. Smith has the burden of proving his case by a preponderance of the evidence.  A "preponderance" is the greater weight of the evidence.

Specifically, a preponderance of the evidence means that Mr. Smith has to prove to you, in light of all the evidence, that his claims are more likely so than not so.

To say it differently: if you were to put the evidence favorable to Mr. Smith and the evidence favorable to LexisNexis on opposite sides of the scales, Mr. Smith would have to make the scales tip somewhat on his side.  If he fails to meet this burden, the verdict must be for LexisNexis.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then that claim or fact has been proved by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

## JURY INSTRUCTION NO. 27: Factors for Awarding Punitive Damages

If you find that LexisNexis willfully violated the FCRA, then you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount, keeping in mind that you have already compensated Mr. Smith. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, you should consider the degree of reprehensibility of the defendant's conduct.