UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DAVID ALAN SMITH,  　　　　　　　Case No. 4:13-cv-10774-MAG-MAR
　　　　Plaintiff,
　　v.  　　　　　　　　　　　　　　Honorable Mark A. Goldsmith

LEXISNEXIS SCREENING
SOLUTIONS, INC.,
　　　　Defendant.

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL AND/OR REMITTITUR

Plaintiff's response brief is full of cases in which consumers, who had beaten their heads against the wall during months, or even years, of failed efforts to correct consumer reports about them, were able to win damages for violations of the FCRA's "reasonable procedures" provision at 15 U.S.C. § 1681e(b).

Plaintiff's response brief did not demonstrate that this is one of those cases.

Existing case law – in the cases cited by Plaintiff; by LexisNexis; and even by this Court – required Plaintiff to prove two things to prove a § 1681e(b) violation: i) that LexisNexis had prior notice of a problem with its report or its procedures; and ii) that LexisNexis knew about, but did not use, a reasonable procedure that would have addressed that problem. This burden is "minimal" in cases where the plaintiff's cries for correction went unheard, but it is not minimal here. *See*, *e.g.*, *Sarver v. Experian Information Solutions, Inc.*, 390 F.3d 969 (7th Cir. 2004), which Plaintiff's response essentially ignored.

1

Because Plaintiff provided no evidence that LexisNexis had notice of a problem, or that reasonable procedures were available to avoid that problem, the jury's verdict for Plaintiff is directly in conflict with existing case law.

To allow Plaintiff to recover $375,000 from LexisNexis would make LexisNexis strictly liable for the error in the report at issue. But the FCRA is not a strict liability statute. This Court should apply the evidentiary standard used in similar § 1681e(b) cases; it should then grant LexisNexis judgment due to Plaintiff's failure to meet that standard.

## I. Plaintiff's evidence of negligence or recklessness was insufficient.

Plaintiff argues that he met his evidentiary burden by offering evidence that LexisNexis failed: 1) to obtain the "best available public record" in Florida; 2) to require middle names before creating reports; 3) to use social security numbers when searching for criminal records; and 4) to heed disputes from consumers who disputed allegedly inaccurate reports about them. ECF No. 59 at 13, 15.

Plaintiff's review of this alleged evidence often misstates the record.[1]

---

[1] One example will suffice. Plaintiff has repeatedly claimed that LexisNexis does not use social security numbers. ECF No. 48 at 18:18-20; 19:4-6; 19:18-21; 20:18-20; 21:18-19; 31:4-11; 32:15-18; 52:7-10 (at trial); ECF No. 41 at 11, 17 (Rule 50(a) brief); ECF No. 59 at 13, 25, 26, 28 (Rule 50(b) brief).
Plaintiff is wrong. LexisNexis asks employers for social security numbers, and it uses them to exclude "false positives," whenever the employer-provided number does not match the number provided by a criminal record repository. ECF No. 48 at 67:1-4, 73:12-16, 80:17-22, 107:13-17.

2

More importantly, Plaintiff's evidence did not establish that LexisNexis had notice of a problem, or that LexisNexis knew about a reasonable procedure that would have addressed that problem, and did not use it. To wit:

• Plaintiff offered no evidence – not in case law, not in the 24 million reports that LexisNexis created in five years – of a single instance in which LexisNexis, or any other consumer reporting agency, created an inaccurate report because an employer ignored the agency's request for an employee's middle name;

• Plaintiff provided no evidence that criminal records from the Florida Department of Corrections and from Bay County, Florida were unreliable, or that a manual search of records from the Florida Department of Law Enforcement was required, given the time, cost, and potential for human error involved; and

• Plaintiff offered no evidence to show that it would have been reasonable to rely on Equifax's credit data, given the undisputed fact that such data often contains multiple names or multiple variants of the same name.

*Plaintiff's response does not contest any of these points*. Plaintiff proposes that if his LexisNexis report contained an error that could, in theory, have been avoided, then the jury had unfettered discretion to find that LexisNexis acted unreasonably. But case law requires evidence of: i) notice of a problem; and ii) reasonable procedures to address it. Plaintiff failed to provide such evidence.

## II. Plaintiff's evidence of emotional distress was insufficient.

LexisNexis asked for but did not receive a jury instruction stating that emotional distress claims are "easy to manufacture." Other district courts in the Sixth Circuit, including this Court, have approved such language, and it should have been approved here as well. ECF No. 57 at 23, 30. Plaintiff's response never addressed this point.

## III. The jury's verdict was excessive.

The jury's $375,000 award was grossly excessive, and it requires a new trial or a remittitur, for the following reasons.

### A. The jury's verdict is excessive when compared to other awards.

Plaintiff's response argued that emotional distress damages in FCRA cases typically range from $25,000 - $75,000, and that larger awards are not unknown. ECF No. 59 at 20-21. But those awards went to plaintiffs who had repeatedly tried and failed to have inaccurate information corrected. *Id*. In contrast, Plaintiff got the job that he wanted as soon as it became available; and he got it because LexisNexis promptly and permanently corrected his report. Plaintiff's response did not address this important distinction.

Given this context, Plaintiff's claim that LexisNexis acted "reprehensibly" is a wild overstatement. Consumer reporting agencies act reprehensibly when they ignore repeated mistakes or fail to correct them. LexisNexis did neither.

### B.     Plaintiff's attempts to avoid *Bach* are unsuccessful.

The Sixth Circuit found an FCRA verdict to be excessive in *Bach v. First Union Nat'l Bank*, 149 F. App'x 354 (6th Cir. 2005) ("*Bach I*"), 486 F.3d 150 (6th Cir. 2007) ("*Bach II*").  In *Bach*, the Sixth Circuit made two binding points:

1.     When "the plaintiff has received a substantial compensatory damages award" due to emotional distress, then a punitive to compensatory "ratio of 1:1 or something near to it is an appropriate result" (*Bach II*, 486 F.3d at 156); and

2.     This Court should review punitive damages awards under the test in *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003) (*Bach I*, 149 F. App'x 354; *Bach II*, 486 F.3d 150).

In response to the first point, Plaintiff asks this Court to make a distinction between a remittitur and a "constitutional reduction," which two other circuits drew in 1999 and 2002.  ECF No. 59 at 22.  But when the Sixth Circuit decided *Bach* in 2005 and 2007, it drew no such distinction, so this Court may not do so.

In response to the second point, Plaintiff repeatedly cites a Virginia district court's opinion that the *State Farm* test is not well-suited to FCRA cases.  *Id*. at 24, 26, 27, 30, 32, citing *Saunders v. Equifax Info. Servs.*, *LLC*, 469 F. Supp. 343 (E.D. Va. 2007).  But Plaintiff fails to note that on appeal, the Fourth Circuit applied the *State Farm* test, thereby rejecting that district court's reasoning.  *Saunders v. Equifax Info. Servs.*, *LLC*, 526 F.3d 142, 152-55 (4th Cir. 2008).

### C. Plaintiff's attempts to justify the punitive damages award fail.

Plaintiff suggests that the $300,000 punitive damages award would not look excessive if it were compared to the revenue of LexisNexis's parent, or to the fee petition that his lawyers plan to submit. But Plaintiff's claims about the alleged revenue of LexisNexis's parent (ECF No. 57 at 23, 32), were stricken at trial (ECF No. 48 at 24-27), and they remain unsupported and irrelevant here. And the case that Plaintiff cites for comparing a punitive award to a fee petition involved a statute that awards attorney fees, but no "actual damages," for insurance bad faith. ECF No. 59 at 30, citing 42 Pa.C.S.A. § 8371. The FCRA does award actual damages, so Plaintiff's reasoning is inapplicable here.

Plaintiff has not cited a single case in which a court permitted punitive damages to be imposed on a defendant who, like LexisNexis, lacked prior notice of the particular problem that affected the report at issue. Under *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2001), punitive damages can only be awarded in FCRA cases if the defendant had notice, via an agency opinion, or an appellate decision, that its procedures were unreasonable. Plaintiff has not cited any such opinions or decisions. The appellate cases he does cite involve plaintiffs whose cries for correction went unheard; they do not involve plaintiffs whose employers failed to enter their middle names into search forms, and they shed no light on what LexisNexis should have done to avoid the error in the report here.

## V. CONCLUSION

The jury's verdict was directly contrary to existing precedent, and its $375,000 damages award was based on an incomplete jury instruction and was far out of line with results in other cases.

The FCRA does not require perfect procedures, just reasonable procedures, and LexisNexis met this requirement. It was not unreasonable for LexisNexis to rely on employers to tell it if someone has a middle name; to rely on records provided to it by state and county sources in Florida; and to eschew credit data which often contains multiple names for the same person. In the absence of a prior example of an error like the one at issue here, or of an agency opinion or appellate decision which required procedures other than the ones it employed here, there is no evidence that LexisNexis acted negligently, and it certainly did not act recklessly.

Rules 50 and 59 give this Court the power to correct improper outcomes like this one. This Court should use that power by granting judgment in favor of LexisNexis; holding a new trial; or at minimum, significantly remitting the verdict.

Dated: March 9, 2015	Picadio, Sneath, Miller, & Norton, P.C.

/s/ Jason A. Spak
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
Email:	jspak@psmn.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2015, my office uploaded a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL AND/OR REMITTITUR to the Electronic Case Filing system hosted by the United States District Court for the Eastern District of Michigan, which will effect service on all parties of record, including:

Mark Mailman, Esquire
John Soumilas, Esquire
Geoffrey H. Baskerville, Esquire
Francis & Mailman, P.C.
Land Title Building, 19tth Floor
100 South Broad Street
Philadelphia, PA  19110
*(Counsel for Plaintiff)*

Picadio, Sneath, Miller, & Norton, P.C.

/s/ Jason A. Spak
Jason A. Spak