## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DAVID ALAN SMITH,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**LEXISNEXIS SCREENING**<br>**SOLUTIONS, INC.,** )<br><br>**Defendant.** ) | **C.A. No. 13-cv-10774-MAG-MAR** |

### PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
### AND REIMBURSEMENT OF COSTS AND EXPENSES
### <u>FROM DEFENDANT LEXISNEXIS SCREENING SOLUTIONS, INC.</u>

Plaintiff David Alan Smith, by counsel, hereby moves pursuant to the fee shifting provision of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* for an award of attorneys' fees and reimbursement of costs (Fee Petition).

The Motion demonstrates that Plaintiff is entitled to an award of attorneys' fees in the amount of $159,626.70 and reimbursement of costs and expenses in the amount of $16,329.56. For the reasons set forth more fully in the accompanying Memorandum of Law and supporting papers, which are incorporated by reference herein, Plaintiff's Fee Petition should be granted.


Dated:  April 10, 2015          Respectfully submitted,

                                **FRANCIS & MAILMAN, P.C.**

BY:    */s/ John Soumilas*
        JAMES A. FRANCIS, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GEOFFREY H. BASKERVILLE, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

**LYNGKLIP & ASSOCIATES**
**CONSUMER LAW CENTER, P.L.C.**
IAN LYNGKLIP, ESQUIRE
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| **DAVID ALAN SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) **C.A. No. 13-cv-10774-MAG-MAR** |
| | ) |
| **v.** | ) |
| | ) |
| **LEXISNEXIS SCREENING** | ) |
| **SOLUTIONS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES
### AND REIMBURSEMENT OF COSTS AND EXPENSES
### FROM DEFENDANT LEXISNEXIS SCREENING SOLUTIONS, INC.

Plaintiff David Alan Smith, by counsel, respectfully submits this Memorandum of Law in support of his Motion for an Award of Attorneys' Fees and Reimbursement of Costs and Expenses, from Defendant LexisNexis Screening Solutions, Inc. (Fee Petition).[1] The undersigned counsel certifies that he personally spoke to counsel for Defendant, explaining the nature of the relief to be sought by

---

[1] Pursuant to the Stipulated Order governing the post-trial briefing schedule in this matter, this Court will enter Final Judgment upon resolution of Defendant's motion pursuant to Fed. R. Civ. P. 50(b) and this Fee Petition. Dkt. No. 56 at ¶ 3. Any monetary award in favor of the Plaintiff entered as part of the Final Judgment shall include legally recoverable interest accrued beginning on December 30, 2014. *Id.* at ¶ 4.

way of this Fee Petition and seeking concurrence in the relief; counsel for Defendant expressly denied concurrence.

## I.   **INTRODUCTION**

This Fee Petition follows over two years of litigation and a jury trial held October 21-24, 2014 at which Plaintiff prevailed.[2]  The jury returned a verdict of $375,000 in favor of Plaintiff and against Defendant LexisNexis Screening Solutions, Inc. (LexisNexis) – $75,000 in actual damages and $300,000 in punitive damages.  Plaintiff seeks an award of attorneys' fees in the amount of $159,626.70 and costs in the amount of $16,329.56.

In support of this Fee Petition, Plaintiff submits the Declaration of John Soumilas, including exhibits detailing the time and costs expended in the prosecution of this case, and an expert report and published surveys of attorney billing rates in Michigan and nationwide, demonstrating the reasonableness of the requested fees. Plaintiff also submits in support of this Fee Petition the Declaration of Ian B. Lyngklip.

Based upon the Memorandum of Law and exhibits in support thereof, Plaintiff should be awarded the full amount of the reasonable attorneys' fees and costs sought. The total for the attorneys' fees sought by Plaintiff represents the lodestar of

---

[2]     The Fair Credit Reporting Act mandates the award of reasonable attorney's fees and costs to the consumer in the case of any successful action.  *See* 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

Plaintiff's counsel, based upon hourly rates which are at or below the current market rate for legal services in the Detroit market ($159,626.70), as well as the actual costs of the litigation ($16,329.56).

## II.   BACKGROUND

### A.   Nature Of Action

This was an action for damages brought by an individual consumer against LexisNexis for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.  One of the largest credit reporting agencies in the world, LexisNexis fought this case vigorously, and it continues to do so through its multiple post-trial motions.  *See* Dkt. Nos. 40, 52, 57, 60.  Plaintiff was successful at trial, and he should be awarded 100% of the actual time and costs expended by his counsel in prosecuting this consumer case against LexisNexis.

### B.   Summary of Claim

The heart of Plaintiff David Alan Smith's claim in this matter was a background report that LexisNexis sold to his prospective employer, which inaccurately identified him as a criminal despite the fact that he has no criminal record.  In connection with Mr. Smith's application for employment, LexisNexis sold a background report to his prospective employer, Great Lakes Wine & Spirits (Great Lakes).  Although Mr. Smith has no criminal record, the report included a felony conviction for "uttering a forged instrument."  This conviction in fact

3

belonged to a David Oscar Smith, an unrelated individual with a different social security number, address, and other personal identifying information.  LexisNexis sent this inaccurate and derogatory report to Great Lakes because it failed to maintain reasonable procedures to assure the maximum possible accuracy of its reports, in violation of FCRA section 1681e(b).  Great Lakes denied Mr. Smith's employment application as a result of the inaccurate LexisNexis report.

As a result of LexisNexis's inaccurate report, Mr. Smith lost wages, had his good reputation tarnished, and suffered significant humiliation, embarrassment, anxiety and other emotional distress.

## C.  <u>Investigation And Complaint</u>

Plaintiff's counsel Francis & Mailman, P.C. began its investigation in this matter in December 2012.  Plaintiff's counsel conducted a normal amount of factual and legal research as part of their background investigation into this matter.  *See* Soumilas Decl.  at ¶ 6 and Exhibit 1.  Counsel spoke to Plaintiff at length about Mr. Smith's employment history, the inaccurate LexisNexis report, and the impact of the inaccurate report on Plaintiff's life, reviewed documents provided by Plaintiff and analyzed his claims.  *See* Soumilas Decl. and Exhibit 1 thereto.  The Complaint was filed on January 9, 2013 against LexisNexis.[3]

---

[3]     In addition to his claim under FCRA section 1681e(b), upon which he prevailed at trial, Plaintiff's Complaint also asserted a claim under FCRA section

**D.**     **Written Discovery and Depositions**

After the initial pleadings, the parties conducted written discovery, including preparing, serving and responding to interrogatories and document requests, and exchanged voluminous and complex documents, including coded internal LexisNexis documents and records related to its policies regarding the reporting of criminal record information.  Plaintiff's counsel carefully reviewed and analyzed the material produced by LexisNexis, and diligently responded to LexisNexis's requests.  Soumilas Decl. at ¶ 6 and Exhibit 1 thereto.

The parties then went on to take and defend three depositions.  Plaintiff was deposed on February 17, 2014.  LexisNexis's corporate representative, Matthew O'Connor, was deposed on February 25, 2014.  A representative of Plaintiff's prospective employer Great Lakes, Vicki Strawsine, was deposed on February 17,

---

1681k, which requires consumer reporting agencies such as LexisNexis, when selling criminal records for employment purposes, to maintain strict procedures to ensure that such records are accurate, or to provide contemporaneous notice to the consumer who is the subject of the report.  15 U.S.C. § 1681k(a).  Because LexisNexis represented that it sent notice to Mr. Smith, and in light of the similar legal standards, Plaintiff chose to pursue only his claim under FCRA section 1681e(b).  *See* Dkt. No. 20 (order dismissing section 1681k claim pursuant to the parties' joint stipulation).  Because Mr. Smith's claims under sections 1681k and 1681e(b) of the FCRA are related by a common core of facts and nearly identical legal theories, the presence of the 1681k claim did not alter Plaintiff's prosecution of the case.  Plaintiff's decision not to pursue the 1681k claim to trial does not preclude full recovery of attorneys' fees in light of the substantial relief he won on his interrelated 1681e(b) claim.  *See Hensley*, 461 U.S. at 440 (upholding district court's refusal to apportion fee award mechanically when plaintiff prevailed upon some of several interrelated claims).

2014. These depositions were properly pursued and counsel spent a reasonable amount of time preparing for and taking them. *See* Soumilas Decl. at ¶ 6.

**E.     Settlement Conference**

Counsel prepared for and attended settlement conferences before this Court on December 3, 2013 and August 4, 2014. *See* Exhibit 1 to Soumilas Decl. During these conferences, counsel negotiated the matter in good faith for several hours. Despite these detailed meetings and the assistance of the Court, the parties were unable to reach a settlement. The parties also engaged in settlement discussions as the case approached trial but were unable to settle the case.

**F.     Pretrial Submissions**

Plaintiff also filed a number of pretrial submissions, such as his lists of exhibits and witnesses (Dkt. Nos. 14-15), Proposed Jury Instructions (Dkt. No. 25), and a memorandum regarding jury instructions (Dkt. No. 28). Plaintiff's counsel also worked with LexisNexis's counsel on a Joint Proposed Pretrial Order, Joint Jury Instructions, a Statement of Claims and Defenses, and a Special Verdict Form. At the Court's direction, the parties submitted multiple revisions of the Joint Proposed Pretrial Order, and prepared and submitted a Joint Memorandum on Objections to Exhibits, as well as page-and-line designations of deposition transcripts sought to be used at trial.

Plaintiff conducted regular trial preparation, including the drafting of opening

statements and closing arguments, reviewing and analyzing exhibits, preparing for the examination of witnesses, preparing evidentiary arguments, etc. *See* Soumilas Decl. at ¶ 6 and Exhibit 1 thereto. Counsel also needed to prepare for and attend the pretrial conferences held on August 4, 2014, October 7, 2014, and October 15, 2014. *Id.* The reasonable amount of time that Plaintiff's counsel spent on these matters is set forth in the Soumilas Declaration and Exhibit 1 thereto.

## G.   <u>Trial and Trial Preparation</u>

The trial began on October 21, 2014 and concluded with the $375,000 jury verdict on October 24, 2014. Plaintiff tried the case with only one attorney at trial, John Soumilas. He received support from other attorneys and staff in his office in the form of legal research and submissions, strategy discussions, and other matters, as reflected in the Soumilas Declaration. That time was reasonably expended.

Trial preparation was standard for any trial of this nature. The declarations of counsel show that they spent a reasonable amount of time preparing and selecting exhibits and witnesses, conducting research, refining litigation strategy, drafting legal memoranda, and other reasonable trial preparation that went into this matter. *See* Soumilas Decl. at ¶ 6 and Exhibit 1 thereto.

## H.   <u>Post-Trial Briefing on Rule 50</u>

During trial, Defendant orally moved for a directed verdict pursuant to Fed. R. Civ. P. 50(a) ("Rule 50(a) Motion"). In anticipation of Defendant's motion,

Plaintiff prepared and submitted a Memorandum of Authorities in Opposition to Judgment as a Matter of Law, setting out the applicable legal standard. Dkt. No. 32. The parties then submitted extensive supplemental briefing regarding Defendant's Rule 50(a) Motion. Dkt. Nos. 40-42, 50-51.

After this Court denied Defendant's Rule 50(a) Motion (Dkt. No. 54), Defendant filed a Renewed Motion for Directed Verdict Pursuant to Fed. R. Civ. P. 50(b). Dkt. No. 57. Plaintiff's counsel spent a reasonable amount of time performing the necessary legal research, and drafting a brief opposing this renewed motion, which is currently pending. Dkt. No. 59; *see* Soumilas Decl. at ¶ 6 and Exhibit 1 thereto. A hearing is currently set for oral argument on the renewed motion. Plaintiff seeks reimbursement of 7.5 attorney hours, which counsel estimates will be necessary for preparation and attendance at this hearing. *Id.*

## I.    <u>Fee Petition</u>

Plaintiff has included in this submission counsel's time spent in preparing the instant Fee Petition. The parties anticipate that LexisNexis will oppose the Fee Petition, and as a result Plaintiff, will also need to file a reply brief. Plaintiff is entitled to recover for the time spent by counsel in preparing the fee application. *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) (time spent preparing, presenting, and trying fee application is compensable). Plaintiff has already expended more than 30 hours of attorney and paralegal time preparing this brief,

including legal research, drafting, revisions, and preparation of exhibits, and anticipates spending more time preparing a reply.   *Soumilas Decl.* at ¶ 6. Nevertheless, Plaintiff here seeks reimbursement of 20 attorney hours and 6 paralegal hours for preparing this Fee Petition and the anticipated reply.   *Id.* and Exhibit 1 thereto.

**J.**   **Expenses**

The costs expended by counsel are detailed in the Soumilas Declaration and Exhibit 5 thereto.

### III.   ARGUMENT

In an FCRA matter, the plaintiff shall recover "the costs of the action together with reasonable attorney's fees" in "the case of any successful action to enforce liability."   15 U.S.C. §§ 1681n(a)(3) & o(a)(2).   After prevailing at trial, there can be no doubt that Plaintiff was very successful in this litigation in enforcing liability under the FCRA.

As far as consumer actions are concerned, the recovery in terms of attorneys' fees and costs can be, and often is, considerably higher than the underlying money damages recovered.   *See Bryant v. TRW Inc.,* 689 F.2d 72, 80 (6th Cir. 1982) (upholding FCRA award of $8,000 and attorney's fee award of $13,705); *see also Riverside v. Rivera*, 477 U.S. 561, 564-65 (1986) (no proportionality necessary between damages and fee award in fee-shifting case; finding that $245,456.25 fee

award was appropriate in case where total damages were $33,350).[4]  By contrast, in the case at bar, the jury awarded Plaintiff a significant amount of compensatory and punitive damages, more than two times of the amount of his attorneys' fees and costs.   Those fees and costs were reasonably incurred by Plaintiff in battling LexisNexis's hard-fought defense of this case.   They must now be paid by LexisNexis.

## A.   A Lodestar Analysis Confirms That The Fee Requested Is Reasonable

According to the U.S. Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   The result of that calculation is called the lodestar; the lodestar is strongly presumed to yield a reasonable fee.   *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The lodestar analysis is generally considered the appropriate method of determining attorneys' fees in federal consumer protection statutory fee-shifting cases such as this case because the shifting of fees serves the public policy of

---

[4]   Both Congress and the courts have acknowledged this reality, deputizing private attorneys as "private attorneys general" and making it economically possible for them, through the fee-shifting provisions of several federal statutes, to vindicate consumer rights even in cases where the actual damages may be very low.   *See Bryant*, 689 F.2d at 79-80 (Congress intended the "private attorney general concept" to apply to the FCRA).

encouraging private enforcement of the substantive rights created by Congress. Manual for Complex Litigation § 24.13 (3d ed. 1995).

The lodestar and expenses for Plaintiff's counsel here is as follows: for Francis & Mailman, P.C. $148,946.70 for attorneys' fees, reflecting almost 450 hours of attorney and paralegal time, and costs of $16,329.50 (Soumilas Decl. at ¶¶ 9-11 and Exhibits 1 and 5 thereto); for Lyngklip & Associates Consumer Law Center, PLC, $10,680 for attorney's fees, reflecting over 26 hours of attorney time (Lyngklip Decl. at ¶¶ 4-5.

### 1.    Hours Expended And Sufficiency Of Lodestar Documentation

The attorneys, paralegals, and staff at Francis & Mailman, P.C. and Lyngklip & Associates who worked on this case all kept detailed, contemporaneous time records of tasks completed, the date the work was completed, and specifying the nature of the work.  Soumilas Decl. at ¶ 6; Lyngklip Decl. at ¶ 3.  Given the continuing nature of this litigation, and to avoid disclosure of attorney work product material and/or information protected by attorney-client privilege, Plaintiff is not attaching the time records themselves, but will make the full records available for an *in camera* review if necessary.  Soumilas Decl. at ¶ 5.  In support of this Fee Petition, Plaintiff's counsel submits a detailed breakdown of the nature of work performed in this case, the attorney performing the work, the amount of time spent, and the hourly rate charged for the tasks.  Soumilas Decl. at ¶¶ 6-9 and Exhibit 1 thereto; Lyngklip

Decl. at ¶ 4.

This submission provides the necessary degree of specificity required in order to evaluate a fee petition. *See Hensley*, 461 U.S. at 437, n.12 (noting that counsel are "not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures."). The declaration of counsel submitted herewith also sets forth the basis for the division of labor among the attorneys and paralegals in an efficient manner. *See* Soumilas Decl. at ¶ 6 and Exhibit 1 thereto. There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. All the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiff against Defendant LexisNexis.

Several courts in the Eastern District of Michigan have had occasion to apply the *Hensley* analysis to fee claims of prevailing parties under the FCRA and other consumer protection litigation. *See Haddad v. Charles Riley & Assoc.*, No. 09-12597, 2011 WL 2581918, at *2-4 (E.D. Mich. June 21, 2011) (citing *Hensley* and granting plaintiff's motion for attorneys' fees in case under FCRA and Fair Debt Collection Practices Act (FDCPA)); *Hazzard v. Schlee & Stillman, LLC*, No. 13-10038, 2014 WL 117411, at *1-2 (E.D. Mich. Jan. 13, 2014) (citing *Hensley* and awarding plaintiff attorneys' fees under FDCPA); *Zontini v. Merchant Recovery*

*Servs., Inc.*, No. 2:12-cv-14912, 2013 WL 5640125, at *1-2 (E.D. Mich. Oct. 15, 2013) (same).

LexisNexis cannot properly protest that Plaintiff's counsel were inefficient, redundant or wasteful in prosecuting this consumer protection action. Attorneys John Soumilas and Geoffrey H. Baskerville litigated the bulk of this matter, and the firm's attorneys apportioned tasks and assignments to avoid duplicative work. Mr. Soumilas was the firm's sole attorney at trial. *See* Soumilas Decl. at ¶ 6. Mr. Soumilas' hourly rate of $423 is lower than that of other attorneys at Francis & Mailman, and as discussed below, has been adjusted to reflect differences between the market rate for attorneys' fees in Philadelphia and Detroit.

As far as attorneys' fees incurred, Plaintiff's counsel handled this matter in a streamlined and cost-effective manner.

### 2. Hourly Rates

The hourly rates charged for Plaintiff's counsel here are reasonable and appropriate in the Detroit legal market and in light of counsel's qualifications and experience. *See* Soumilas Decl. at ¶¶ 7-9; Lyngklip Decl. at ¶ 9-11.

In support of the Soumilas Declaration and hourly rates charged, Plaintiff's counsel has submitted the July 1, 2014 expert report of Abraham C. Reich, Esquire, analyzing the standard hourly rates charged by Francis & Mailman, P.C., and finding that the rates charged are at or below the appropriate rates for attorneys with

comparable experience within the Philadelphia legal market.  *See* Soumilas Decl. at Exhibit 2.  Plaintiff has included a declaration from Abraham C. Reich, Co-Chair and Partner of the law firm of Fox Rothschild, LLP.  Mr. Reich has practiced law for over 30 years, and as Co-Chair and Partner of his firm, he is particularly knowledgeable regarding the applicable Philadelphia market billing rates for civil litigation in the Eastern District of Pennsylvania, as he has had direct involvement in setting and establishing the hourly rates charged by the partners and associates of Fox Rothschild, LLP.  *Id.*  Mr. Reich's analysis also accounts for the experience and specialization of Francis & Mailman attorneys in the practice of fair credit reporting litigation.  *Id.*   The standard hourly rate charged by Mr. Soumilas and Mr. Baskerville is $470; the standard hourly rate for Lauren KW Brennan is $200, and the standard hourly rate for paralegals is $165.  In addition to being supported by Mr. Reich's expert report, these rates have been approved by several courts in recent years.  *Robinson v. General Info. Servs., Inc.*, No. 2:11-cv-07782-PBT (E.D. Pa.) at Dkt. No. 57 (Nov. 4, 2014 Order granting fee request in full, approving hourly rates); *King v. General Info. Servs., Inc.*, No. 2:10-cv-06850-PBT (E.D. Pa.) at Dkt. No. 126 (same); *Giddiens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-02624-LDD (E.D. Pa. ) at Dkt. No. 56 (same).

In order to account for differences between the legal markets of Philadelphia and Detroit, Mr. Soumilas, Mr. Baskerville, and Ms. Brennan have reduced their

rates by 10%. This adjustment is reasonable in light of the differences in rates between Detroit attorneys and Philadelphia attorneys reported in the 2010 National Law Journal Billing Survey, attached hereto as Exhibit 3 to the Soumilas Declaration.[5] Of the seven Philadelphia-based firms, the average partner billing rate was $519, compared to $495 for partners in the three participating Detroit-based firms, reflecting a 4.8% difference. For the same firms, associates in Philadelphia averaged a rate of $322 per hour, compared to $282 for associates in Detroit, reflecting a 14% difference. *See* Soumilas Decl. at ¶8(b)-(d). In order to reflect this reduction, Plaintiff's Fee Petition is based upon hourly rates of $423 for Mr. Soumilas, $423 for Mr. Baskerville, $180 for Ms. Brennan, and $148 for paralegals working on the case. Soumilas Decl. at ¶ 7. With respect to Lyngklip & Associates, Plaintiff's Fee Petition is based upon an hourly rate of $400 for Mr. Lyngklip. *See* Lyngklip Decl. at ¶ 9.

These rates are consistent with 2014 Attorney Income and Billing Rate Key Findings Report issued by the State Bar of Michigan, which indicates that experienced consumer attorneys in Michigan charge between $300 and $500 per hour. *See* Soumilas Decl. at Exhibit 3; *see also Zontini*, 2013 WL 5640125, at *1-2 (approving $400 hourly rate for Mr. Lyngklip as reasonable).

---

[5]     The 2010 edition of the National Law Journal billing survey was the most comprehensive Plaintiff was able to locate. More recent data is not representative because only one Detroit firm participated. Soumilas Decl. at ¶ 8(b).

Furthermore, these fees are reasonable in light of the contingent nature of the fee agreement and the fact that none of Plaintiff's counsel has received any payment for their services.  As Judge Posner of the Seventh Circuit Court of Appeals has observed:

> A contingent fee must be *higher* than the fee for the same legal services as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders, but also for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of a conventional loan.

Posner, *Economic Analysis of Law*, 534, 567 (4th ed. 1992) (emphasis added).

**3.     Costs**

The Soumilas Declaration demonstrates the costs that were incurred in the prosecution of this case.  *See* Soumilas Decl. at ¶¶ 10-11 and Exhibit 5.  All of the costs were advanced by Plaintiff's counsel and were necessarily incurred.  *Id*. Plaintiff should be awarded these unreimbursed costs.

**4**.     **Preparation of Fee Petition**

Plaintiff is entitled to recover for the time spent by counsel in preparing the fee application.  *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). Plaintiff has included in his submission counsel's time spent in preparing the instant petition.  The time spent by counsel in researching, drafting, and revising this Fee Petition was reasonably expended.  As described above, although Plaintiff's counsel has expended more than 30 hours of attorney and paralegal time to date, Plaintiff

here seeks 20 hours of attorney and 6 hours of paralegal time in connection with the preparation of this Fee Petition and for anticipated time spent preparing a reply in further support of the Fee Petition.  *See* Soumilas Decl. ¶ 6 and Exhibit 1 thereto.

**B.      Proportionality Is Not Appropriate in Assessing A Fee Request In A Consumer Protection Case Such As This One**

Some courts have raised a concern in consumer protection cases as to whether the requested fee is reasonable in light of the sometimes small amount of the sums recovered for a plaintiff.  Given the $375,000 verdict in this case, proportionality is simply not an issue here.  In a case where Plaintiff conceded that he had relatively small economic damages, the $375,000 verdict cannot be seen as anything but a very successful recovery.  Plaintiff simply notes for the record that the amount recovered by any consumer-plaintiff may not be proportionately connected to Plaintiff's attorneys' fee request.[6]

---

[6]      *See generally Riverside v. Rivera*, 477 U.S. 561, 564-65 (1986) (no proportionality necessary between damages and fee award in fee-shifting case; finding that $245,456.25 fee award was appropriate in case where total damages were $33,350).

## IV.   <u>CONCLUSION</u>

For all of the reasons set forth above, Plaintiff's Motion for an Award of Attorneys' Fees and Expenses should be granted.  Plaintiff should be awarded attorneys' fees in the amount of $159,626.70 and costs in the amount of $16,329.56.

Dated:  April 10, 2015                    Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    */s/ John Soumilas*
       JAMES A. FRANCIS, ESQUIRE
       JOHN SOUMILAS, ESQUIRE
       GEOFFREY H. BASKERVILLE, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

**LYNGKLIP & ASSOCIATES**
**CONSUMER LAW CENTER, P.L.C.**
IAN LYNGKLIP, ESQUIRE
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 10, 2015 a copy of the foregoing was electronically filed with the Court's Electronic Case Filing system, which will effect service on all parties and/or their counsel, including the following:

Jason A. Spak
PICADIO SNEATH MILLER & NORTON, P.C.
Suite 1105
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 288-4000

*Attorneys for Defendant*
*LexisNexis Screening Solutions, Inc.*

*<u>/s/ John Soumilas</u>*
JOHN SOUMILAS

*Attorney for Plaintiff*